### KAALAEA MILL CO. ET AL *vs.* C. STEWARD ET AL.

ON APPEAL FROM THE COMMISSIONERS OF WATER RIGHTS FOR KOOLAUPOKO.

THE DEFENDANTS' ANCESTOR, previous to his purchase of the land of Kahaluu, agreed with the plaintiffs' grantor to sell him a portion of the land at the same price per acre paid for it, and made a conveyance accordingly, having the middle of the river as the boundary between them. A ditch from the river, leading water on to the portion held by plaintiffs' grantor, existed at the time of the purchase. Defendants' ancestor made immediately thereafter a ditch from said river, with a view to appropriating for his portion of the land all the water the ditch would carry, plaintiffs' grantor making no objection ;

HELD, that neither party has a title by prescription to the use of the water, sufficient time not having elapsed; that plaintiffs are entitled to use the water in their ditch for any purpose they see fit, and that the complaint against the defendants should be dismissed.

Opinion of the Court by HARRIS, C. J.

It appears that the Ahupuaa of Kahaluu originally be-

longed to the Kings of Hawaii; that during the reign of Kamehameha IV it was sold to R. Steward, the husband of one of the defendants; that previous to his purchasing the land Steward had agreed that if he purchased it he would sell to George Galbraith a portion of it for the same price per acre that he paid for it.

It appears further that in pursuance of this bargain, when Steward came to set off Galbraith's share, for the purpose of convenience in running the boundary, he set off more than was originally agreed for, making the boundary run up the middle of the stream.

In course of time, by several conveyances, George Galbraith's title has become vested in the plaintiffs. At the time of the purchase there was a small ditch leading from the stream on to the land purchased by Galbraith, feeding a fishpond and supplying the house.

As soon as the purchase was effected this conveyance was made to Galbraith, and was undisputably part of the same transaction.

There has not sufficient time lapsed to either water right to constitute a title by prescription; nor does it appear, by all the evidence in the case, that any question of proprietary or konohiki right arises. At the same time, or so near it as to make it appear almost or quite simultaneous, the Stewards cut the ditch in question, with a view of appropriating so much water as the ditch would carry.

From all the evidence there is a simultaneousness about the whole matter which tends to prove that it was part of the same transaction. Galbraith made no protest against it then or thereafter; nor did any persons claiming under Galbraith. It is proved that the Steward's ditch takes now no more water than it did when the use of it by the Stewards began.

So far as the judgment of the Water Commissioners sets forth that the complainants are entitled to no more water than is necessary for their household purposes, because that the

ditch leading up to the kula land of the complainants was built by Kamehameha IV for no other purpose than household supply and the fish-pond, it is erroneous. We think that that should form no part of their judgment, because it makes no difference for what purpose the complainants acquired the right of water. They would be entitled to use whatever water they had acquired for any purpose they saw fit; but otherwise than that their judgment is correct in dismissing the complaint, and their judgment is accordingly confirmed, with this modification.

J. M. Davidson and C. Brown for plaintiffs.

E. Preston, Messrs. Castle & Hatch, and A. S. Hartwell for defendants.

Honolulu, April 12, 1881.